UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNSET BAY CONDOMINIUM
ASSOCIATION, and/or all unit
holders, ATIMA,

        Plaintiff,

v.                                            Case no. 2:24-cv-00334-JLB-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

        Defendant.
_____/

## ORDER

Plaintiff, Sunset Bay Condominium Association, Inc. and/or All Unit Holders ("Sunset Bay") and Defendant, Hartford Insurance Company of the Midwest ("Hartford"), jointly move to consolidate this action with Case No. 2:24-cv-00695-SPC-NPM for all purposes including trial. (Doc. 20). After review of the motion, the Court concludes that these cases involve enough common questions of law and fact to justify consolidation under Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b).

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate matters presenting common questions of law or fact. In exercising its "considerable discretion" over whether to consolidate multiple cases, the Court must consider: (1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and confusion; (2) the burden that multiple lawsuits present; (3) the amount of time consolidation would save; and (4) the

relative expense of consolidating a matter or proceeding on multiple trials. *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against" a defendant. *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted). Ultimately, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted).

Upon consideration, the Court finds that these cases are due to be consolidated for all purposes, including discovery, motion practice, and trial. This lawsuit and the consolidated lawsuit seek recovery of damages from Defendant for alleged breaches of Standard Flood Insurance Policies as to properties owned by Plaintiffs that sustained flood damage during Hurricane Ian on September 28, 2022. Accordingly, the cases arise out of a common question of law or fact. Additionally, the parties move to amend the scheduling order in this action to mirror the scheduling order in Case No. 2:24-cv-00695-SPC-NPM. In these circumstances, and noting that no party opposes consolidation or amendment of the scheduling order, the parties' motion (Doc. 20) is due to be GRANTED.

Accordingly, it is **ORDERED**:

1. The parties' motion to consolidate cases 2:24-cv-00334-JLB-NPM and 2:24-cv-00695-SPC-NPM and to amend the scheduling order is

    **GRANTED**.

2. The Court designates this case, Case No. 2:24-cv-00334-JLB-NPM, as the lead case.

3. The parties are DIRECTED to submit all future filings utilizing that case number.

4. The Court will issue an amended case management and scheduling order under separate cover.

5. The Clerk of Court is DIRECTED to file a copy of this Order in the consolidated case, Case No. 2:24-cv-00695-SPC-NPM. The Clerk is further directed to terminate any pending deadlines in that case, and administratively close the file.

**ORDERED** in Fort Myers, Florida, on May 19, 2025.

                                                          JOHN L. BADALAMENTI
                                                          UNITED STATES DISTRICT JUDGE